323

Olivia May Prew
vs.
Purity Bakery Company,
Inc., et al.

No. 42470

RESCRIPT
April 19, 1919

TANNER, P. J. This is heard on demurrer to the amended declaration. The two counts state in substance that the defendant was engaged in preparing and selling bread and so forth; that the plaintiff purchased from the defendant for immediate consumption as food one loaf of bread, which the defendant knew was purchased for said purpose, and then and there warranted was fit therefor. The plaintiff relied upon the warranty and was injured in eating the bread which was found to contain a hard stone. The case has been argued by both counsel as though it was an open question as to whether or not the declaration alleged an implied warranty that the bread was fit for immediate consumption. We do not see how this question is open to argument since the express allegation of the declaration is that the defendant then and there warranted that the bread was fit for immediate consumption.

It may be useful, however, to give our opinion upon the question which was argued and which would undoubtedly appear at the trial of the case. We are of opinion upon an examination of the authorities and a consideration of our sales act that there is an implied warranty that a loaf of bread is fit for immediate consumption as food if it is purchased from one who sells such bread and it appears that the purchaser relied upon the sellers skill or judgment. We think that the mere purchase of food from one who makes a business of selling it does by implication make known to the seller that the food is purchased for consumption as food and that, if

it appears that the buyer does not himself select the food but takes what is selected by the seller, he is relying upon the seller's skill or judgment and there is an implied warranty that the bread is reasonably fit for consumption as food.

### 324

We are of the opinion that a writ brought in an action of the case may be properly supported by an assumpsit upon an implied warranty. In such case there is no occasion for elleging or proving any scienter.

Demurrer overruled.

For plaintiff: Huddy, Emerson & Moulton and John W. Baker.

For defendant: Russell W. Richmond.